```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ANN SCHENCK, ET AL.                         CIVIL ACTION

VERSUS                                      NO: 11-2598

STATE FARM MUTUAL AUTOMOBILE                SECTION: J(2)
INSURANCE COMPANY
```

### ORDER TO BIFURCATE ISSUES AT TRIAL

This case involves claims for personal injuries allegedly sustained by plaintiff Edward Schenck in an automobile accident. The sole remaining defendant is Mr. Schenck's uninsured/underinsured motorist insurer, State Farm. A jury trial is scheduled to commence on May 13, 2013. At the recent final Pretrial Conference, counsel for plaintiff suggested that it would be appropriate to bifurcate the issue of penalties at trial. The Court instructed the parties to submit written briefs on this suggestion, which the Court has now considered. **(Rec. Docs. 72, 73).**

The issue of whether plaintiffs are entitled to statutory penalties, and if so, in what amount, will be a hotly contested matter which will require evidence beyond that anticipated in the trial of the issues of liability and damages arising out of the accident itself. Such evidence would include testimony by State Farm's claims representatives, the State Farm claim files, and testimony by former counsel for plaintiff. There are circumstances

under which there will be no need to reach the issue of penalties. For example, should the jury find in favor of the defendant on liability, or if the jury awards damages below the amounts previously tendered and paid by State Farm. Under Rule 42(b) of the Federal Rules of Civil Procedure, a court may bifurcate one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite and economize" the case for trial. In the circumstances of the present case, the Court finds that the jury trial will be expedited and that no party will be prejudiced by bifurcation of the penalties issue. In fact, this type of bifurcation is commonly used in cases involving claims for punitive damages. See Thorne v. Welk Inv. Inc., 197 F.3d 1205 (8th Cir. 1999) (acknowledging that the district court has discretion to isolate the punitive damages phase of a trial); Jones v. Cargill, Inc., 490 F. Supp. 2d 978 (N.D. Iowa 2007) (allowing a single two-phase trial before the same jury with a first phase on liability and compensatory damages and a second phase on punitive damages); North Dakota Fair Housing Council, Inc. v. Allen, 298 F. Supp. 2d 897 (D. N.D. 2004) (allowing punitive damages claim to be tried in phase two of a single two-phase trial before the same jury); Miller v. New Jersey Transit Auth., 160 F.R.D. 37 (D. N.J. 1995) (allowing trifurcation of a single trial before the same jury into liability, compensatory damages, punitive damages, and indemnification phases); Laitram Corp. v. Hewlett-Packard Co., 791 F. Supp. 113 (E.D. La. 1992) (allowing bifurcation of single trial before the

same jury into three distinct phases on the issues of liability, damages, and statutory damages and attorneys' fees).

Counsel for State Farm suggests it is improper to bifurcate the issue of penalties, because it would require "two trials" with two different juries. However, counsel has a misunderstanding of what the "bifurcation" in this type of case would entail. There will be a single trial with a single jury. What the Court envisions is that the first phase of the trial will include evidence relating to the issues of liability and damages arising from the accident. Assuming a verdict in favor of plaintiff, and depending on the amount of any damage award, the second phase of the trial will begin immediately (with the same jury) and will include any additional evidence that relates solely to the issue of whether penalties should be awarded and, if so, in what amount. Accordingly,

**IT IS ORDERED** that the jury trial in this matter will proceed in two phases, the first phase consisting of evidence relating to the issues of liability and damages arising out of the accident, and the second phase, if necessary, consisting of evidence relating to the issue of penalties.

New Orleans, Louisiana, this 25th day of September, 2012.

CARL J. BARBIER

UNITED STATES DISTRICT JUDGE